**Elvis HAJKOJA, aka Mattia Marazzini, Petitioner,**

**v.**

**Eric H. HOLDER, Jr., Respondent.[1]**

**No. 08–1398–ag.**

United States Court of Appeals, Second Circuit.

April 17, 2009.

Andrew P. Johnson, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Barry J. Pettinato, Assistant Director; Charles E. Canter, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. REENA RAGGI, Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Elvis Hajkoja, a native and citizen of Albania, seeks review of a February 26, 2008 order of the BIA affirming the May 9, 2006 decision of Immigration Judge ("IJ") Barbara A. Nelson, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Elvis Hajkoja,* No. A98 906 419 (B.I.A. Feb. 26, 2008), *aff'g* No. A98 906 419 (Immig. Ct. N.Y. City May 9, 2006). We assume the parties' familiarity with the underlying facts and procedural history of this case.

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), current Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey.

Where, as here, the BIA issues an opinion that expressly adopts the IJ's findings and reasoning, we review the IJ's decision as if it were that of the BIA, *see Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir. 2005), and we have jurisdiction to do so here because Hajkoja's "asylum only" proceedings resulted in a denial of relief that is the functional equivalent of a removal order, *see Kanacevic v. INS,* 448 F.3d 129, 134 (2d Cir.2006). With that jurisdiction, we review *de novo* the agency's application of law to undisputed fact, and its factual findings for substantial evidence. *See Balachova v. Mukasey,* 547 F.3d 374, 380 (2d Cir.2008).

Although Hajkoja faults the IJ's adverse-credibility, past-persecution, and internal-relocation determinations, we need not resolve these challenges because, even if we were to decide them in Hajkoja's favor, his petition for review would still fail. That is because substantial evidence supports the agency's alternative holding that fundamental changes in Albania negate any well-founded fear of persecution.[2] *See* 8 C.F.R. § 1208.13(b)(1)(i)(A); *Kanacevic v. INS,* 448 F.3d at 138 (upholding changed-circumstances determination that was supported by substantial evidence). The IJ specifically found that Hajkoja's own political party "is now in power in Albania," and that Hajkoja "offered no evidence to establish that even though the democratic party has the prime minister and has majority in parliament that the socialist party is still running the country." *In re Elvis Hajkoja,* No. A98 906 419, at 12–13 (Immig. Ct. New York City May 9, 2006). Because those findings contain record support—that is, (1) State Department Country Reports indicating that there were no politically motivated killings, disappearances, or detentions, and that make

no mention of politically motivated violence between Socialist Party and Democratic Party members, and (2) testimony confirming that the Democratic Party has a majority of seats in parliament, and that Albania's prime minister is a member of that party—we will not disturb them. *See Kanacevic v. INS,* 448 F.3d at 138.

Because Hajkoja's withholding-of-removal and CAT claims are based on the same factual predicate as his asylum claim, the agency's conclusion with respect to the latter forecloses Hajkoja's eligibility for the former. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b). Petitioner's motion to hold this petition in abeyance is DENIED as moot.

---

**2.** Because Hajkoja's brief adequately addresses the current political situation in Albania, we conclude that he has not abandoned a

challenge to the agency's changed-circumstances determination. *Cf. Yueqing Zhang v.*

*Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

